947 P.2d 409

In re: SRBA Case No. 39576–Order Adopting Special Master's Recommendation on Summary Judgment Entered 10–15–96 (24 Hagerman Subcases).

STATE of Idaho, Appellant–
Cross Respondent,

and

United States of America; North Snake Ground Water District, May Farms, Ltd., Sand Springs Ranch Partnership, Faulkner Land and Livestock Company; Idaho Ground Water Appropriators, Inc., Cranney Bros., Intervenors–Appellants–Cross Respondents,

v.

HAGERMAN WATER RIGHT OWNERS, INC., Respondent–Cross Appellant,

and

Pioneer Irrigation District, Settlers Irrigation District, Payette River Water Users Association, Inc., Little Salmon River Water Users Association, Inc., Thousand Springs Ranch, Newfoundland Partners, Sinclair Oil Corporation, d/b/a Sun Valley Company, Thompson Creek Mining Company, Inc., Bogus Basin Recreational Association, Inc.; Idaho Power Company; Nampa & Meridian Irrigation District, Allen Noble Farms, Inc., Allen Noble, Farm Development Corporation, Rim View Trout Company, Clear Lakes Trout Company, Inc., Rainbow Trout Farms, C.H. Nicholson, Sailor Creek Water Company, G. Patrick Morris, Hulet Farm Management Company, Grindstone Butte Mutual Canal Company; Twin Falls Canal Company, North Side Canal Company, Acequia, Inc., Intervenors–Respondents–Cross Appellants.

No. 23410.

Supreme Court of Idaho,
Boise, February 1997 Term.

Sept. 11, 1997.

Alan G. Lance, Attorney General; Cheri C. Copsey, Deputy Attorney General, Boise, for appellant State of Idaho.

Betty H. Richardson, U.S. Attorney, Boise; William B. Lazarus (argued), Department of Justice, Washington, D.C., for appellant United States of America.

Givens, Pursley & Huntley, Boise, for intervenor-appellants Idaho Ground Water Appropriators, Inc. and Cranney Bros. Jeffrey C. Fereday argued.

Beeman & Hofstetter, P.C., Boise, for intervenor-appellants North Snake Ground Water District, May Farms, Ltd., Sand Springs Ranch Partnership, and Faulkner Land and Livestock Co. Dana L. Hofstetter argued.

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondent Hagerman Water Right Owners, Inc. Patrick D. Brown argued.

Rosholt, Robertson & Tucker, Chtd., Twin Falls, for intervenor-respondents Idaho Power Co., Twin Falls Canal Co. and North Side Canal Co. James C. Tucker argued for Idaho Power and Norman Semanko argued for the canal companies.

Elam & Burke, P.A., Boise, for intervenor-respondents Pioneer Irrigation District, Settlers Irrigation District, Payette River Water Users Ass'n, Inc., Little Salmon River Water Users Ass'n, Inc., Thousand Springs Ranch, Newfoundland Partners, Sinclair Oil Corp., d/b/a Sun Valley Co., Thompson Creek Mining Co., and Bogus Basin Recreational Ass'n, Inc. Scott L. Campbell argued.

Ringert Clark, Chtd., Boise, for remaining intervenor-respondents. Daniel V. Steenson argued.

Hogue, Speck & Aanestad, Ketchum, for respondent Acequia, Inc. James P. Speck argued.

SCHROEDER, Justice.

The State of Idaho appeals from the district court's decision adopting a special master's recommendation to reject part of the Director's Report related to twenty-four (24) subcases in Basin 36 [1] and holding that previously decreed water rights may not be reduced on the basis of current non-application to beneficial use absent a showing of abandonment, forfeiture, adverse possession or estoppel and that the Director is obligated to accept prior decrees as conclusive proof of the nature of a water right.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

The twenty-four (24) subcases at issue are a subset of a larger number of water claims in Basin 36 referred to as the "Hagerman subcases." The Hagerman subcases involve water right claims that are based on a decree entered upon stipulation of the parties to a private adjudication. *New Int'l Mortgage Bank v. Idaho Power*, In Equity No. 1602 (D.Idaho March 22, 1932) (unpublished opinion) ("*New International* decree"). The *New International* decree describes the required elements of the water rights under I.C. § 42–1409 except for consumptive use, period of use, amount of irrigated acreage

and some lack of explicit purposes of use. Notwithstanding this decree, the Director of the Idaho Department of Water Resources ("Director") recommended a lesser quantity element in most of the subcases involved than the quantity set forth by the decree and that amount claimed by the water rights owners. The claimants objected to the Director's recommendations and initiated the subcases currently on appeal. *See* I.C. § 42–1412(1) (1996).

Each of the subcases was referred to a special master to make determinations regarding the claimants' rights to water. *See* I.C. § 42–1422; I.R.C.P. 53(a)(1); SRBA Administrative Order 1 (SRBA AO1) 9.a (amended 9/31/96). Subcases referred to a special master are to proceed in accordance with the Idaho Rules of Civil Procedure ("I.R.C.P.") and the SRBA Rules of Procedure. SRBA AO1 9.a; *see* I.C. § 42–1411(5). Proceedings following an objection to the Director's Report are also "governed by ... the Idaho rules of evidence." I.C. § 42–1411(5).

Originally, the water right holders were informed that the reduced quantity contained in the Director's Report was based on "partial forfeiture" pursuant to I.C. § 42–222(2). Subsequently, the SRBA court issued its Memorandum Decision in Basin–Wide Issue 10 holding that partial forfeiture was not contemplated by I.C. § 42–222(2). Following that decision and during the course of the proceedings before the special master, the IDWR stated that the Director's recommendation was based on current non-application to "reasonable beneficial use." The IDWR stated that the concept of beneficial use allows for constant re-evaluation of whether the water is being used beneficially.

At the time the Director's recommendations pertaining to the twenty-four subcases were originally filed, the Director was designated by statute as a "party" in the SRBA. I.C. § 42–1401A(7) (1986). However, the Idaho Legislature later amended the water

---

1. Subcases 36–00003A, 36–00003C, 36–00003E, 36–000003F, 36–00034B, 36–00035J, 36–00039C, 36–00039E, 36–00039J, 36–00039N, 36–00047, 36–00061, 36–00062, 36–00063, 36– 00064B, 36–00079, 36–00085A, 36–00086C, 36–00092, 36–000103F, 36–00106, 36–00108B, 36–10283B and 36–10409.

code, removing the Director as a "party" and altering the status of his Report from a "pleading" to *"prima facie* evidence" of the facts contained therein. I.C. §§ 42–1401B, –1411 (1994). As a result of these amendments, the claimants were left as the only "party" in any given subcase.

The claimants filed motions for summary judgment in all twenty-four subcases, arguing, *inter alia,* that the *New International* decree determined the "extent of beneficial use as to the original appropriation" and that *res judicata* and collateral estoppel prevented finding any lesser amount of water than was contained in the decree. The State of Idaho filed a motion to participate in all twenty-four subcases, arguing that the issues involved weighed significantly on the State's proprietary and sovereign interests. The State's motion to participate was granted in part and denied in part. The Order set forth the following:

The State seeks to present legal arguments in response to the summary judgment motions filed by individual members of Hagerman Water Rights Owners, Inc. ("HWRO"). The State also seeks to present factual evidence in the individual subcases if the motions for summary judgment are denied.

Because the legal issues raised by the HWRO motions will have a significant impact [on] the State's interests, the State's *Motion to Participate* is **GRANTED**, in part. The State will be permitted to present legal arguments in response to the HWRO motions. However, the factual evidence presented during any subsequent subcase hearings will speak for itself.

The special master determined that absent a claim of forfeiture, abandonment, adverse possession, or estoppel, a reduction in beneficial use after a water right vests is not a basis upon which a water right may be reduced. As to the conclusiveness of the prior decree, the special master held that *res judicata* did not apply to bar re-evaluation of the amount of a water right because "the parties and cause of action under the *New International Mortgage Decree* are not identical to the parties and cause of action in the SRBA." The special master also determined that collateral estoppel did not apply in one-party cases but that the IDWR was, nevertheless, "obligated to accept prior decrees as being conclusive proof of the nature of a water right." The special master concluded:

Therefore, where a claimed element matches a previously decreed element, regardless of whether the Director's Report states a different element, the court finds that there is no question of material fact and summary judgment will be granted to those elements as a matter of law.

As to the elements of the water rights which were not described in the *New International* decree, the special master: (1) withheld ruling on the issue of consumptive use, (2) denied summary judgment on the issue of number of irrigated acres, (3) decided that "other purposes" enumerated in the decree would be recognized provided the claimants properly amended their claims and presented sufficient foundation regarding uses, and (4) determined as a matter of law the period of use for irrigation was the "irrigation season." HWRO opposes the adverse ruling as to these elements arguing that it should have been granted summary judgment because no evidence capable of showing that a genuine issue of material fact had been presented. The claimants allege that the Director's Report does not meet the requirements of I.R.C.P. 56 and additional reports filed by the IDWR are not based on personal knowledge. Therefore, the claimants argued that these Reports cannot constitute the type of evidence which gives rise to a genuine issue of fact. The special master disagreed stating:

While the Director's Report is not an affidavit, deposition, or admission and *does* not constitute any of the types of evidence contemplated under I.R.C.P. 56, the Director's Report does constitute *prima facie* evidence of a water right and exists independently of any evidence offered by way of affidavit, deposition, or admission. I.C. § 42–1411(4).

The State moved for permissive review of the special master's decision, and the special master recommended permissive review. The SRBA court issued an Order adopting the special master's recommendation "as this

court's own findings and conclusions ... without further hearing or oral argument, based on the integrity of the recommendation of the Special Master, this court's independent review of the entire record of proceedings in these subcases, and the need for an expeditious hearing of those issues before the Idaho Supreme Court."

This Court granted permissive appeal and noted the interrelationship between this case and *In re SRBA*, 130 Idaho 727, 947 P.2d 400 (1997), regarding the existence of "partial forfeiture" pursuant to I.C. § 42–222(2). The United States and other parties in the SRBA were granted permissive intervention for the purposes of this appeal.

## II.

### STANDARD OF REVIEW

"The district court or special master shall conduct the trial without a jury on an objection or any group of objections in accordance with the Idaho rules of civil procedure." I.C. § 42–1412(5). *See* I.R.C.P. 53(a)(1); S.R.B.A. AO1(9)(b). The district court may appoint a special master in any general adjudication and shall specify the special master's powers and duties in the order of reference. I.C. § 42–1422. Subcases referred to a special master are governed by the I.R.C.P. and the Idaho Rules of Evidence (I.R.E.). I.C. § 42–1411(5); see S.R.B.A. AO1 9(b), (11)(d); *see also In re SRBA Case, No. 39576*, 128 Idaho 246, 258, 912 P.2d 614, 625 (1995).

■ The special master's findings which the court adopts are considered to be the findings of the court. I.R.C.P. 52(a); *Higley v. Woodard*, 124 Idaho 531, 534, 861 P.2d 101, 104 (Ct.App.1993); *Seccombe v. Weeks*, 115 Idaho 433, 434, 767 P.2d 276, 278 (Ct.App. 1989). The special master's conclusions of law are not binding upon the district court, although they are expected to be persuasive. *Rodriguez v. Oakley Valley Stone, Inc.*, 120 Idaho 370, 378, 816 P.2d 326, 334 (1991). To the degree that the district court adopts the special master's conclusions of law, they are also the conclusions of the court. *Higley*, 124 Idaho at 534, 861 P.2d at 104.

■ The question of compliance with the rules of procedure and evidence is one of law. *See Harney v. Weatherby*, 116 Idaho 904, 906–07, 781 P.2d 241, 243–44 (Ct.App.1989). This Court freely reviews conclusions of law. *Kootenai Elec. Co-op. Inc. v. Washington Water Power Co.*, 127 Idaho 432, 434, 901 P.2d 1333, 1335 (1995).

## III.

### PRIOR DECREES ENTERED IN PRIVATE ADJUDICATIONS ARE BINDING ONLY UPON PARTIES OR THEIR PRIVIES AND ARE NOT CONCLUSIVE PROOF OF THE NATURE AND EXTENT OF CURRENT WATER USE.

HWRO argues that a prior decree is conclusive evidence of the nature and extent of a water right. The special master agreed holding that:

[I]n one-party cases where the claimant is responding to the Director's Report and no other party, collateral estoppel cannot properly be evaluated or applied. Because of IDWR's removal as a party in the SRBA, claimants in one-party cases could never assert collateral estoppel regarding a prior decree even if IDWR was, if fact, a party to a prior decree. As a result, claimants to these prior decrees would be defenseless, and prior decrees would become irrelevant.

The role of IDWR is to serve as an independent and technical expert to the court. I.C. § 42–1401B(1). Just as this court is required to accept all prior judgments until a party with proper standing can establish a legal reason to reevaluate a judgment, IDWR, as a non-party and independent expert, is obligated to accept prior decrees as being conclusive proof of the nature of a water right. Again, to rule otherwise would allow IDWR to avoid any prior decree to which it disagreed. Under these circumstances where the claimant is the only party in a subcase, it would be unfair for the claimant to bear the burden of proof to establish a water right that the same party or party in privity established

under the *New International Mortgage Decree* over 60 years ago.

(Footnotes omitted).

For the reasons outlined below, that portion of the decision holding that the Director is obligated to accept a prior decree as conclusive proof of the nature and extent of a water right is reversed.

## A. The Statutory Scheme Does Not Obligate the Director to Accept a Prior Decree as Conclusive Proof of the Nature and Extent of a Water Right.

The Legislature of this state has enacted a statutory scheme whereby the Director is responsible for inventorying the water resources of the state, I.C. § 42–1805(2), as well as enforcing rules and regulations pertaining to the IDWR's duty to conserve and develop use of the state's water resources. I.C. § 42–1775. In this adjudication, the Director is "an independent expert and technical assistant [who] assure[s] that claims to water rights acquired under state law are accurately reported.... The director shall make recommendations as to the extent of beneficial use and administration of each water right under state law." I.C. § 42–1401B(1). Upon entry of the court's order commencing a general adjudication, the Director must make an examination of the water system and "the uses being made of water diverted from the water system for water rights acquired under state law." I.C.

§ 42–1410(1). The Director must further file a report determining elements of a water right "to the extent the director deems appropriate and proper, to define and administer the water rights acquired under state law" including "the quantity of water used." I.C. § 42–1411(2)(c).

▮ Nowhere in Title 42 is the Director "obligated to accept a prior decree" issued in a private adjudication "as being conclusive proof of the nature of a water right." [2] This is especially true in light of longstanding decisions in Idaho that decreed water rights, although protected like any other water right, are not insulated from re-examination by the court and may be lost or reduced based on evidence that the water right has been forfeited, *Graham v. Leek,* 65 Idaho 279, 287–88, 144 P.2d 475, 479 (1943), abandoned, *Albrethsen v. Wood River Land Co.,* 40 Idaho 49, 59–60, 231 P. 418, 421–22 (1924), *Washington County Irr. Dist. v. Talboy,* 55 Idaho 382, 393, 43 P.2d 943, 947 (1935), or lost through adverse possession, *Mountain Home Irr. Dist. v. Duffy,* 79 Idaho 435, 443, 319 P.2d 965, 969 (1957) (quoting *Hall v. Blackman,* 8 Idaho 272, 68 P. 19 (1902)). *See generally* Wells A. Hutchins, IDAHO LAW OF WATER RIGHTS, 5 Idaho L.Rev. 1, 73–85 (1968). Although a decree evidences a legal right to the use of water, *see* I.C. § 42–230(e), it does not obligate the Director to make a recommendation contrary to his findings.[3]

2. I.C. § 42–1420 does address the binding effect of a decree entered in a general adjudication:

> **42–1420. Binding effect of decree—Exceptions.**—(1) The decree entered in a general adjudication shall be conclusive as to the nature and extent of all water rights in the adjudicated water system [with exceptions that follow].

I.C. § 42–1420(1). The *New International* decree is not the product of a general adjudication, but instead was issued in a private adjudication.

3. Respondent Canal Companies argues that, although by statute, "the director's report filed in this matter constitutes 'prima facie evidence of the nature and extent of the water rights acquired,' I.C. § 42–1411(4), ... Appellants seem to ignore ... the fact that an existing decree constitutes prima facie evidence of the nature and extent of a water right." (Footnote omitted). Respondent Canal Companies cite to *Mays v. District Court of Sixth Judicial Dist.,* 34 Idaho

200, 200 P. 115 (1921), for this proposition, not to language in the current statutory scheme. In that case, the Court was interpreting C.S. § 7036 providing for summary supplemental adjudication of water rights. The Court said: "The decree does not adjudicate any right. It simply gives a prima facie right to the delivery of so much water." *Id.* at 206, 200 P. at 116. C.S. § 7036 set forth the procedures for summary supplemental adjudication of water rights:

> The court by its decree in said action shall determine the rights of said plaintiff in accordance with the proof submitted but subject to the terms of the original decree hereinbefore referred to: Provided, That the right thus established shall not be deemed adjudicated, *but prima facie merely,* and may be attached by suit brought in a court of competent jurisdiction at any time by any person deeming himself aggrieved thereby.

C.S. § 7036 (1915) (emphasis added). That language was repealed in 1981 and does not appear

### B. A Prior Decree Entered in a Private Adjudication is Binding Only Upon Parties and Privies to that Decree.

■ A decree issued in a private water adjudication binds only those parties to the decree. Section 42–1401A of the Idaho Code clearly provides that a " '[p]rivate adjudication' . . . binds only those persons joined in the action and for the administration of such rights." I.C. § 42–1401A(9). In addition, the Court has long held that:

> Except for that limited class of actions which are strictly *in rem*, a decree is not, and cannot be made, conclusive, as to the parties who are strangers to it. The same principle applies to decrees rendered in proceedings to adjudicate rights to the use of water, they not being strictly *in rem*. The contention that one's rights can be affected by a decree to which he was a stranger is repugnant to a fundamental principle of our jurisprudence that no one will be judged until he has had a hearing. The operation of this principle cannot be defeated by the mere fact that it will put other parties to some added trouble or expense.

*Mays v. District Court of Sixth Judicial Dist.*, 34 Idaho 200, 207–08, 200 P. 115, 116 (1921) (citations omitted); *see Devil Creek Ranch, Inc. v. Cedar Mesa Reservoir and Canal Co.*, 123 Idaho 634, 637, 851 P.2d 348, 351 (1993).

Insomuch as this Court has acknowledged that water rights in the Snake River basin are interrelated, *In re Snake River Basin Water System*, 115 Idaho 1, 7, 764 P.2d 78, 84 (1988), the Director's factual findings as to one water right holder impact the rights of other water right holders. To hold that the Director is "obligated to accept prior decrees as being conclusive proof of the nature of a water right" is contrary to the Director's statutory role in the SRBA and such a holding would have the effect of binding water right owners not parties in a prior adjudication to a prior decree issued in a private adjudication. This is an untenable outcome. *Mays*, 34 Idaho at 208, 200 P. at 116.

in the current statutory scheme. Act of April 7,

### C. I.C. § 42–1411(5) Provides that the Water Claimant Bears the Ultimate Burden of Persuasion for Each Element of a Water Right.

The special master determined that, "[u]nder these circumstances where the claimant is the only party in a subcase, it would be unfair for the claimant to bear the burden of proof to establish a water right that the same party or party in privity established under the *New International Mortgage Decree* over 60 years ago."

I.C. § 42–1411(5) provides:

*Each claimant of a water right acquired under state law has the ultimate burden of persuasion for each element of a water right.* Since the director's report is prima facie evidence of the nature and extent of the water rights acquired under state law, *a claimant of a water right acquired under state law has the burden of going forward with the evidence to establish any element of a water right which is in addition to or inconsistent with the description in a director's report.* Any party filing an objection to any portion of the director's report shall have the burden of going forward with the evidence to rebut the director's report as to all issues raised by the objection.

I.C. § 42–1411(5) (1996) (emphasis added). This language was in large part adopted in 1994 following revision to the code altering the Director's role in the SRBA from that of a "party" to that of an "independent expert." Act of July 1, 1986, ch. 455, § 2, 1994 Idaho Sess. Laws 1482; Act of July 1, 1986, ch. 454, § 3, 1994 Idaho Sess. Laws 1446. The legislature has already weighed any "unfairness" which might result from requiring the claimant to come forward with evidence after a water right owner objects to the Director's report: "Each claimant of a water right acquired under state law has the ultimate burden of persuasion for each element of a water right." I.C. § 42–1411(5). That statute makes it clear that the claimant bears both the burden of production as well as the burden of proof as to each element of a claimed water right.

1981, ch. 265, § 3, 1981 Idaho Sess. Laws 561.

## IV.

## A WATER RIGHT MAY NOT BE STATUTORILY LOST OR REDUCED BASED ON CURRENT NON–APPLICATION TO BENEFICIAL USE FOR A LESSER DURATION THAN THAT SPECIFIED IN I.C. § 42–222(2).

The Appellants argue that the district court's decision allows retention of a water right where an owner is not using all or a portion of the water decreed at the time of the adjudication. Appellants argue that such a result is contrary to the constitutional recognition of the beneficial use doctrine. The Appellants also argue that consistent with the beneficial use doctrine, Idaho's water law mandates that the SRBA court may not decree water rights "in excess of the amount actually used for beneficial purposes for which such right is claimed." I.C. § 42–1402.

The concept of beneficial use is constitutionally recognized in Idaho. Article XV, section 3 of the Idaho Constitution provides, in relevant part:

The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied.... Priority of appropriations shall give the better right as between those using the water....

Idaho Const. art. XV, § 3.

■ The statutory scheme set forth in Title 42 of the Idaho Code is the vehicle by which the Legislature set out to effectuate this and other constitutional principles regarding the use and administration of water in the state. Although the doctrine of beneficial use is a concept that is constitutionally recognized and that permeates Idaho's water code, the Idaho Constitution does not mandate that non-application to a beneficial use, for any period of time no matter how small, results in the loss or reduction of water rights. On the contrary, the legislature has enacted a specific statute which provides for the loss of water rights for failure to apply the water to a beneficial use. I.C. § 42–222 provides, in relevant part:

All rights to the use of water acquired under this chapter or otherwise shall be *lost and forfeited by a failure for the term of five (5) years to apply it to the beneficial use for which it was appropriated* and when any right to the use of water shall be lost through nonuse or forfeiture such rights to such water shall revert to the state and be again subject to appropriation under this chapter....

I.C. § 42–222(2) (1996) (emphasis added).

■ It is a basic tenet of statutory construction that a more general statute should not be interpreted to encompass an area already covered by a special statute. *K. Hefner, Inc. v. Caremark, Inc.*, 128 Idaho 726, 732, 918 P.2d 595, 601 (1996); *Roe v. Harris*, 128 Idaho 569, 572, 917 P.2d 403, 406 (1996); *Paterson v. State*, 128 Idaho 494, 502, 915 P.2d 724, 732 (1996) (to the extent that two statutes conflict, the more specific governs over the more general). Section 42–222(2) of the Idaho Code provides for the loss of a water right for non-application to a beneficial use. It, and not the more general references to the beneficial use doctrine throughout Title 42, governs statutory loss of water rights for non-application to a beneficial use. Moreover, I.C. § 42–222(2) provides that water rights may only be lost for non-application to a beneficial use for the duration of the statutory period of five (5) years. In *Albrethsen* the Court explained:

The law safeguards decreed rights as well as other rights by providing that a loss by abandonment *cannot arise until after a failure to apply the water* to a beneficial use *for a period of five years* and this intent must be made to appear by clear and convincing evidence.

40 Idaho at 60, 231 P. at 422 (emphasis added).

To interpret references to "beneficial use" throughout Title 42 as providing the means by which a water right may be statutorily lost or reduced regardless of the length of time the non-application continues would render the five-year period set forth in I.C. § 42–222(2) meaningless and neglect clear direction from the legislature. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539, 797 P.2d 1385, 1387 (1990) (in construing legislative acts, it is not the business

of the court to deal in subtle refinements, but to ascertain from reading the whole act the purpose and intent of the legislature and to give force and effect thereto); *State v. Rawson*, 100 Idaho 308, 312, 597 P.2d 31, 35 (1979) ("[A] statutory provision will not be deprived of its potency if a reasonable alternative construction is possible.").

References to the constitutional principle of "beneficial use" contained in the statutory water law scheme are general in nature. Section 42–222(2) specifically addresses statutory loss of water rights in Idaho and provides that water is lost "by a failure for the term of five (5) years to apply it to the beneficial use for which it was appropriated." I.C. § 42–222(2). Water rights in Idaho are not subject to statutory forfeiture for failure to beneficially apply water for a duration less than that provided for in I.C. § 42–222(2).

## V.

## ISSUES ON CROSS APPEAL

HWRO was denied summary judgment on certain elements of the water rights not addressed in the *New International* decree. Cross-appellants HWRO argue that it was error to allow the Director's Reports and 706 Reports[4] to create triable issues because HWRO claims these reports do not conform to I.R.C.P. 56, and because the reports are not based on personal knowledge and are inadmissible hearsay. The special master concluded that the facts as stated in the Director's Report and 706 Reports may be considered in determining whether a triable issue exists following the submission of affidavits to the contrary by HWRO:

> While the Director's Report is not an affidavit, deposition, or admission and does not constitute any of the types of evidence contemplated under I.R.C.P. 56, the Director's Report does constitute *prima facie*

evidence of a water right and exists independently of any evidence offered by way of affidavit, deposition, or admission. I.C. § 42–1411(4). In this case, the claimants argue that "the Director's Report is not the type of evidence which gives rise to a genuine issue of fact." The claimants' assertion is erroneous because, if true, then every claimant in a one-party subcase would automatically prevail on summary judgment. One-party subcases would be reduced to self-serving proceedings. Consequently, in one-party subcases, "the summary judgment standard shall be applied to the Director's Report recommendation rather than to evidence presented by an opposing party."

(References and citations omitted).

### A. Summary Judgment was not Proper.

Although proceedings which follow an objection to the Director's Report "shall be governed by the Idaho rules of civil procedure and Idaho rules of evidence," I.C. § 42–1411(5), the summary judgment rules do not contemplate one-party proceedings.[5]

Idaho Rule of Civil Procedure 56 envisions a motion by a party regarding a "claim, counterclaim, or cross-claim." I.R.C.P. 56(a), (b). Here, the proceeding is initiated when a claimant files "an objection with the district court" to "a water right, or to a general provision in the director's report." I.C. § 42–1412. An "objection" is not a claim, counterclaim, or cross-claim and the Director's Report is not a "pleading" in any SRBA proceeding. I.C. §§ 42–1401B(2), (3); SRBA AO1 4a, e. Rule 56 speaks in terms of "adverse parties" and "non-moving parties." I.R.C.P. 56(a), (b), (d). Here, there is no adversity, and there is only one party.

▄▄▄▄ On its face, Rule 56 envisions an adversarial process. One-party subcases are

---

4. The parties have styled certain reports compiled by the IDWR and submitted to the court between July 1, 1996, and August 16, 1996, as "706 Reports." These reports are apparently prepared and submitted to the court by the IDWR as a "court appointed expert," I.C. § 42–1401B, to assist the court in investigating the evidence on the following topics: (1) evaluation of irrigation diversion rates; (2) quantification of

small domestic and stock water uses; (3) facts and opinions regarding water rights: 36–00062, 36–00063, 36–00079; and (4) a report summarizing contested elements of the 24 subcases.

5. Although the State was granted late admission into the case and opposed summary judgment, it was precluded from establishing the existence of disputed material facts.

not adversarial proceedings in which the claimant is pitted against the Director. In one-party cases, the claimant is merely opposing the Director's recommendation contained in his Report. In one-party subcases such as this, where the claimant alleges facts which differ from those contained in the Director's Report, summary judgment is an inappropriate procedure and an evidentiary hearing must be conducted.

## B. The Special Master did not Miss the Import of Designation of the Director's Report as *Prima Facie*.

HWRO argues at length that the special master did not understand that the designation of the Director's Report as *prima facie* evidence does not mean that it is evidence which will suffice to raise a genuine issue of material fact. While the Court has already determined that in one-party subcases such as this, summary judgment is inappropriate, the Court addresses the evidentiary effect of the Director's Report to clarify that facts contained in the Director's Report are to be weighed with other relevant facts after the presumption of correctness is rebutted. Section 42-1411 of the Idaho Code establishes that the Director's Report constitutes *prima facie* evidence providing, in relevant part:

**Report of the director.**—(1) The director shall prepare a director's report on the water system. The director may file the director's report in parts as the director deems appropriate. The director may include such explanatory material as he deems appropriate in the director's report. Such explanatory material shall not impose any conditions or restrictions on the rights reported and shall not be subject to objection. This explanatory material shall not be used to support any notice of claim, objection to a notice of claim, or response to an objection.

. . . .

(4) The director shall file the director's report with the district court, and the director's report shall be part of the record. Upon filing with the court, the director's report, except for the explanatory material referred to in subsection (1) of this section, shall constitute prima facie evidence of the nature and extent of the water rights acquired under state law.

I.C. § 42-1411(1), (4).

In *In re SRBA Case No. 39576*, 128 Idaho 246, 912 P.2d 614 (1995), the Court determined that the *"prima facie"* status accorded to the Director's Report in I.C. § 42-1411(4) constituted a rebuttable evidentiary presumption. *Id.* at 255-56, 912 P.2d at 623-24; *see also Fremont–Madison Irr. Dist. & Mitigation Group v. Idaho Ground Water Appropriators, Inc.*, 129 Idaho 454, 462, 926 P.2d 1301, 1309 (1996) ("The determination of facts by the Director is presumptively correct.").

Idaho Rule of Evidence 301 governs presumptions in civil actions and provides:

In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

I.R.E. 301.

In *Bongiovi v. Jamison*, 110 Idaho 734, 718 P.2d 1172 (1986), the Court interpreted I.R.E. 301 and determined that when an evidentiary presumption arises it shifts only the burden of production. When rebutted, the presumption disappears and the party with the benefit of the presumption retains the burden of persuasion on the issue. *Id.* at 738-39, 718 P.2d at 1174. *See* Merlyn W. Clark, Report of the Idaho State Bar Evidence Committee, C. 301 p. 1 (1983); George N. Bell, Handbook of Evidence for the Idaho Lawyer 414-15. This is commonly referred to as the "bursting bubble" theory. *See* D. Craig Lewis, *Should the Bubble Always Burst? The Need For A Different Treatment of Presumptions Under I.R.E. 301*, 32 Idaho L.Rev. 1 (1995).

As the Court explained in *Bongiovi*, "[a] Rule 301 presumption relieves the party in whose favor the presumption operates from having to adduce further evidence of the presumed fact until the opponent introduces

substantial evidence of the nonexistence of the fact." 110 Idaho at 738, 718 P.2d. at 1176. Here, the Director's Report is *prima facie* evidence and the facts contained therein are presumed to be correct until such time as a water claimant produces sufficient evidence to rebut that presumption.

█ While HWRO's affidavits may dispel the presumed "correctness" of the facts contained in the Director's Report, the facts contained therein still exist as facts. Facts contained in the affidavits create triable issues to the extent they conflict with facts alleged in the Director's Report. Once the presumption is rebutted, it disappears and the facts upon which the presumption is based are weighed with all other facts that may be relevant. McCORMICK, EVIDENCE § 345, at 823 (1972).

## C. The 706 Reports are Not Inadmissible Hearsay.

█ The record reflects that on July 1, 1996, and August 16, 1996, the IDWR filed 706 Reports in connection with the twenty-four (24) subcases which began and ended in the same manner. Each report began: "The Director of the Idaho Department of Water Resources submits this report...." The reports then purported to present facts and opinions supporting the Director's recommendation. Each of the reports concluded:

David B. Shaw, being duly sworn, upon oath, deposes and says:

That I am the Adjudication Bureau Chief for IDWR, that I have read the forgoing report, know its contents, and that the statements contained therein are true to the best of my knowledge and belief.

HWRO objected to the court's consideration of the 706 Reports in ruling upon claimants' motion for summary judgment because the reports were not based upon personal knowledge as required by I.R.C.P. 56 and, therefore, did not contain admissible evidence.

Under the general statutory scheme describing the organization and duties of the IDWR, the Director is given discretion to "delegate such duties as are imposed upon him by law to an employee of the department of water resources whenever in the opinion of the director, such delegation is necessary for the efficient administration of his duties." I.C. § 42–1701(3). Under the general adjudication scheme, the "Director" is synonymous with the IDWR. I.C. § 42–1401A(4).

Reports compiled for the court by the Director as its "independent expert and technical assistant to assure that claims to water rights acquired under state law are accurately reported" I.C. § 42–1401B, are not infirm under the Idaho Rules of Evidence because they are based on the personal knowledge of IDWR personnel answerable to the Director and may not be based on the personal knowledge of the Director or supervisory personnel signing such report.

## VI.

## CONCLUSION

The district court's decision holding that there is no statutory basis for reduction or loss of a water right for non-application to a beneficial use absent a showing that the right has been forfeited pursuant to I.C. § 42–222 is affirmed. While a decree issued in a private adjudication is evidence of a legal right, the Director is not obligated to accept the decree as conclusive proof of the extent and nature of the water right and the district court's decision is reversed in this respect. Summary judgment proceedings are not appropriate in one-party subcases because there is no adverse party or non-moving party as provided for in I.R.C.P. 56. In one-party cases, where a party alleges facts different from that contained in the Director's Report, an evidentiary hearing must be conducted. The district court should weigh the Director's Report, as well as reports submitted by the Director as an independent expert, with other relevant facts. Reports compiled by personnel at the IDWR and signed by supervisory personnel or the Director are not inadmissible because they are not made on the personal knowledge of the signatory. The district court's decision regarding summary judgment as to the issues on cross-appeal is vacated and remanded for proceedings consistent with this decision.

The parties have prevailed in part and not prevailed in part. No costs on appeal are awarded. No attorney fees are awarded.

TROUT, C.J., and JOHNSON, McDEVITT* and SILAK, JJ., concur.