40 P.3d 119

In re SRBA Case No. 39576.

**CLEAR SPRINGS FOODS, INC.,**
Claimant–Respondent,

v.

**CLEAR LAKES TROUT COMPANY,**
Defendant–Appellant.

No. 26925.

Supreme Court of Idaho,
Twin Falls, November 2001 Term.

Jan. 18, 2002.

Ringert, Clark Chtd, Boise, for appellant. Daniel V. Steenson argued.

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondent. Robyn M. Brody argued.

WALTERS, Justice.

This is an appeal from the Snake River Basin Adjudication ("SRBA") district court where Clear Lakes Trout Company, Inc. ("Appellant") challenged the water rights of Clear Springs Foods, Inc. ("Respondent"). Appellant objected to the Idaho Department of Water Resources' ("IDWR") recommendation by arguing its water right derives from a separate water source distinct from the Re-

spondent's water rights and therefore, even though filed subsequent to the Respondent's water right, has priority. The SRBA district court found that the water rights of the parties derive from the same source and denied Appellant's challenge. We affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Respondent separately own and operate adjacent fish hatcheries located below the rim of the Snake River canyon near Buhl, Idaho. During the development of the hatcheries in the 1960's, both entities staked claims to water by filing water right permits to discharges from numerous springs in the canyon rim and walls above the hatcheries. The springs eventually flow into Clear Lake, which in turn empties into the Snake River.

Appellant has two water rights in the springs that flow into Clear Lake and asserts that each of the rights derives from a separate source. The first has a priority date of June 23, 1966, and is claimed to be from the western stream that flowed in between the parties' properties. The second has a priority date of July 21, 1967, and is claimed to be from the controversial eastern stream that flowed to the east around Appellant's property. Respondent also has two water rights at issue with priority dates of August 28, 1966, and January 24, 1972, both claimed to be from the western stream. Diversion works have been built by the parties and any historical dividing point between the streams no longer exists.

In 1988, Respondent filed its water right claims with the SRBA. On November 12, 1992, the IDWR filed its recommendations with regard to Respondent's water rights. Appellant filed an objection to IDWR's recommendations and requested that language be added to the report stating that the source of water for Respondent's right was "separate and distinct from the source of water" for the Appellant's right. In addition, Appellant objected to IDWR's recommendations concerning the legal descriptions of the Respondent's points of diversion. Respondent generally denied all of Appellant's objections. IDWR found that the parties' water rights "are all diverted from the same complex of hydrologically-connected springs tributary to Clear Lakes [sic]."

The issues were tried before the special master on July 13–14, 1998, in a bifurcated trial. The first phase of the trial was to determine the source of the water rights and if Appellant's water right was found to be from a separate source, the second phase would then determine the quantity of Appellant's water right. Following Appellant's presentation of its case-in-chief on the issue of source, Respondent moved for involuntary dismissal. The special master granted the motion and determined that Appellant's water rights were not from a separate water source. The special master recommended that partial decrees be entered for Respondent's water rights consistent with the IDWR report. Appellant filed a motion to amend the special master's recommendation. The special master issued an order amending certain findings of fact and conclusions of law, but did not disturb his ultimate rulings with respect to the source or points of diversion.

Appellant filed a notice of challenge to the special master's amended findings of fact and conclusions of law with the SRBA district court. Following oral arguments on the challenge, the SRBA district court issued a memorandum decision and order denying Appellant's challenge. The SRBA district court then issued partial decrees for Respondent's water rights. Appellant filed a motion to alter or amend judgment, which the SRBA district court denied. This appeal followed.

## ISSUES PRESENTED ON APPEAL

1. Did the SRBA district court err by finding the parties' water rights all derived from the same water source?

2. Did the SRBA district court err by finding Appellant's water rights have multiple points of diversion?

3. Should attorney fees be awarded on appeal?

## STANDARD OF REVIEW

Idaho Code § 42–1412(5) allows the SRBA district court or special master to

conduct a trial without a jury on any water right objections pursuant to the Idaho Rules of Civil Procedure. "The district court may appoint a special master in any general adjudication and shall specify the powers and duties in the order of reference." *State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 736, 740, 947 P.2d 409, 413 (1997).

■■■ The special master's findings of facts, which are adopted by the SRBA district court, are considered to be the findings of the SRBA district court. I.R.C.P. 52(a); *McCray v. Rosenkrance*, 135 Idaho 509, 513, 20 P.3d 693, 697 (2001). "In an action to be tried without a jury the court shall accept the master's findings of fact unless they are clearly erroneous." I.R.C.P. 53(e)(2). "The special master's conclusions of law are not binding upon the district court, although they are expected to be persuasive." *Hagerman Water Right Owners*, 130 Idaho at 740, 947 P.2d at 413. The special master's conclusions of law, which are also adopted by the SRBA district court, are treated as the conclusions of the district court. *McCray*, 135 Idaho at 513, 20 P.3d at 697. This Court freely reviews the SRBA district court's conclusions of law. *Id.*

## DISCUSSION

### I.

### Water Source

■■ Appellant contends that the SRBA district court erred by finding the parties' water rights derived from the same source. Appellant objected by arguing that its water right derives from the eastern stream, which has been historically and is currently a separate and distinct source from the western stream where Respondent's water rights derive. Further, the eastern stream does not affect the flow of the western stream and therefore, Appellant's water right should have priority in the eastern stream.

This Court has held

when a defendant moves for an involuntary dismissal at the close of the plaintiff's presentation in a non-jury case, the court sits as a trier of fact and is not required to construe all evidence and inferences to be drawn therefrom in the light most favorable to the plaintiff. Thus, in rendering a judgment pursuant to the defendants' motion for dismissal under I.R.C.P. 41(b), the trial court is not as limited in its evaluation of the plaintiff's case as it would be in a motion for directed verdict. The court is not to make any special inferences in the plaintiff's favor nor concern itself with whether plaintiff has made out a prima facie case. Instead, it is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies.

*Keenan v. Brooks*, 100 Idaho 823, 825, 606 P.2d 473, 475 (1980).

■ Idaho Code § 42–1411(4) provides that the IDWR director's report is prima facie evidence of the nature and extent of the water rights under state law. *See Hagerman Water Right Owners*, 130 Idaho at 745–46, 947 P.2d at 418–19. Appellant, as the objecting party, had "the burden of going forward with evidence to establish any element of a water right which is in addition or inconsistent with the description in a director's report." I.C. § 42–1411(5); *see also Hagerman Water Right Owners*, 130 Idaho at 746, 947 P.2d at 419 ("The director's report is presumed to be correct until such time as a water claimant produces sufficient evidence to rebut that presumption."). Accordingly, Appellant was required to present substantial evidence that the source of the eastern stream was different than the western stream in order to overcome the presumption created by the director's report. *See Bongiovi v. Jamison*, 110 Idaho 734, 738, 718 P.2d 1172, 1176 (1986). In this regard, substantial evidence is defined "as such relevant evidence as a reasonable mind might accept to support a conclusion; it is more than a scintilla, but less than a preponderance." *Evans v. Hara's, Inc.*, 123 Idaho 473, 478, 849 P.2d 934, 939 (1993).

In this case, both the special master and SRBA district court found that Appellant had not met its burden of proof to overcome the director's determination as to the source of the respective water rights, and thereby concluded that Respondent's motion for involuntary dismissal should be granted. The spe-

cial master found that "[a]fter the close of the [Appellant's] case, the historic dividing point between the eastern and western stream remained unclear." The special master then found that there initially may have been two separate stream flows but the current diversion structures created by the Appellant have eliminated the eastern flow. The special master wrote:

Any water that flowed east is currently contained in the eastern pool. The historic eastern and western flows are commingled in the eastern pool. Based on the development of [Appellant's water rights], Mr. Chapman conceded that whatever dividing point which may have existed does not exist today.

As to the water in the eastern pool, there is no way to determine how much of the water is from the eastern or western flow. There is no way to determine whether [Appellant's water right] uses water only from the eastern source, or that [Respondent's water right] uses only water from the western source. Because the water in the eastern pool is commingled, there is no way to separate or differentiate water in the eastern pool as "western" or "eastern" water.

The SRBA district court found "[t]he source of all four of the subject water rights [ ] is the common water channel before it divides into the respective streams. The source is not defined by which side of the common channel the water is diverted or from which braid of the common channel water is diverted."

 Essentially, the Appellant's arguments simply contest the findings of fact made by the special master and SRBA district court. The trier of fact has the primary responsibility for weighing the evidence and determines whether the required burden of proof on an issue has been met. *Sowards v. Rathbun*, 134 Idaho 702, 706, 8 P.3d 1245, 1249 (2000). This Court determines whether the findings of fact by the special master and SRBA district court are supported by substantial, competent evidence. *Id.*

Review of the lower court's decision is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. A trial court's findings of fact in a court tried case will be liberally construed on appeal in favor of the judgment entered, in view of the trial court's role as trier of fact. It is the province of the district judge acting as trier of fact to weigh conflicting evidence and testimony and to judge the credibility of the witnesses. If the findings of fact are based on substantial evidence, even if the evidence is conflicting, they will not be overturned on appeal. However, we exercise free review over the lower court's conclusions of law to determine whether the court correctly stated the applicable law, and whether the legal conclusions are sustained by the facts found.

*Conley v. Whittlesey*, 133 Idaho 265, 985 P.2d 1127 (1999) (citations omitted).

Initially, we observe that there is no testimony conclusively establishing the historical dividing point of the two streams. In the record, Appellant presented testimony that the dividing point was eighty feet east of the western gate, testimony that the dividing point was thirty to forty feet east of that estimate, and testimony that the dividing point was somewhere between the highest western flow and the highest eastern flow. However, there was also other testimony that this dividing point no longer exists because the construction of dams results in both streams flowing into the eastern pool. The record further shows that it would be difficult to determine how much water is from the eastern or the western stream.

Testimony was presented to show the separate nature of the eastern and western streams, however there was also testimony to the contrary. Appellant argued that the streams separated underwater in a common channel, however, the water did not commingle. Rather, the water from the eastern stream water flowed to the east and the western stream water flowed toward the west. Appellant asserted that the testimony of Mr. Eastman was ignored. Even though Mr. Eastman testified that Respondent had not used or attempted to divert from the eastern stream, Mr. Eastman also testified

that both streams were from the same source, the Snake River Aquifer.

Appellant had the burden of presenting substantial evidence that the eastern and western streams at issue were from different sources. The SRBA district court determined that Appellant failed to meet this burden. Although there is some conflicting testimony and evidence, neither the SRBA district court by affirming nor the special master by granting the motion for involuntary dismissal pursuant to IRCP 41(b) following Appellant's presentation of evidence erred. The special master looked at the evidence presented and determined that Appellant had not met its burden to overcome the director's report. The SRBA district court after reviewing the evidence and hearing oral arguments came to a similar conclusion. The findings of fact as to the source of the contested water rights are supported by substantial, competent evidence.

This Court affirms the SRBA district court's grant of Respondent's motion for involuntary dismissal.

## II.

### Point of Diversion

The parties entered into an agreement in 1980 to resolve litigation initiated by Appellant over the construction of a new dike by Respondent; Appellant alleged that Respondent's construction of the dike constituted a trespass. The agreement allowed the dike to remain on Appellant's property with modifications to raise the water elevation and to capture additional water, which benefited Appellant. The dike also included a regulatory system to apportion the respective water rights to each party. The agreement further permitted the parties to dispute priorities of their respective water rights.

Appellant contends that the SRBA district court erred by finding this agreement estopped Appellant from asserting its claims as to the changes in the points of diversion by Respondent. Appellant asserts that it only consented to the diversion works by Respondent that occurred on the western stream

and its consent does not extend to the eastern stream.

Appellant further argues that the SRBA district court erred by finding that it had waived its objections to Respondent's points of diversion. Appellant asserts that the special master and SRBA district court took an assertion out of context when in the opening statement Appellant represented that the sole issue in dispute between the parties was a question of source of their water rights. Appellant contends the points of diversion recommended by IDWR and the SRBA district court do not reflect the present location of Respondent's diversions. Appellant argues that the points of diversion listed in the water rights should reflect the points of diversion presently in place.

The special master found

In addition to the source element, [Appellant] also objected to point of diversion. At the start of trial, [Appellant's] attorney unequivocally stated that source was the only element in dispute. Furthermore, any and all disputes regarding point of diversion were settled by the parties in an agreement dated March 13, 1980. In that agreement, [Appellant] acknowledged the validity of [Respondent's] points of diversion.

The special master then discussed why Appellant's argument would have failed even if Appellant had not been estopped from arguing about the point of diversion. The SRBA district court affirmed the special master's finding after reading the agreement entered into by the parties. The SRBA district court also found that Appellant had abandoned or waived the point of diversion argument by noting that Appellant in its pre-trial memorandum, trial brief and opening argument at trial specifically stated that the sole issue was a question of source.

The agreement between the parties allows for certain disputes to be raised as to the respective priorities of the parties, however, point of diversion is not listed as a dispute that can be raised in the future. The agreement appears to dispose of any disputes over the point of diversion by allowing Respondent to keep its diversion works with changes that benefit Appellant. Further, the

record shows that Appellant repeatedly stated that source was the only issue to be decided in the first phase of the bifurcated trial.

Substantial evidence in the record supports the SRBA district court's conclusion that Appellant is estopped and waived its point of diversion argument. This Court agrees and holds that the special master and SRBA district court did not err by prohibiting Appellant from submitting evidence at trial concerning the point of diversion.

### III.

#### Attorney Fees

Respondent requests attorney fees on appeal pursuant to I.C. § 12–121. Having considered the arguments presented in this case, this Court is not left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *See Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Accordingly, this Court declines to award attorney fees on appeal to respondent.

#### CONCLUSION

This Court holds that the special master and SRBA district court's finding that the parties' water rights derive from the same source is supported by substantial, competent evidence and accordingly, affirms the SRBA district court's grant of Respondent's motion for involuntary dismissal. This Court, further, holds that the SRBA district court did not err in finding that Appellant was estopped from raising an objection as to the point of diversion. The orders denying Appellant's challenge and issuing partial decrees for Respondent's water rights are affirmed.

Costs on appeal are awarded to Respondent, Clear Springs Food, Inc. No attorney fees are awarded.

Chief Justice TROUT, Justices SCHROEDER, KIDWELL and McDERMOTT, pro tem., CONCUR.