# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44944

| | |
|---|---|
| IN RE SRBA CASE NO. 39576 ) | |
| SUBCASE NO. 61-12301 ) | |
| ------------------------------------------------------- ) | **Boise, December 2017 Term** |
| RICKY C. HOLDEN and KIMBERLY M. ) | |
| HOLDEN, ) | **2018 Opinion No. 22** |
| ) | |
| Objectors-Appellants, ) | **Filed: March 7, 2018** |
| v. ) | |
| ) | **Karel A. Lehrman, Clerk** |
| JACKIE WEECE and TERESA WEECE, ) | |
| ) | |
| Claimants-Respondents. ) | |

Appeal from the Snake River Basin Adjudication, State of Idaho.
Hon. Eric J. Wildman, District Judge.

The judgment of the district court is <u>affirmed</u>. Attorney fees and
costs on appeal are <u>awarded</u> to respondents.

Thomas J. Katsilometes, P.L.L.C., Boise, for Objectors-Appellants.
Thomas J. Katsilometes argued.

Hall, Friendly & Ward, Mountain Home, Claimants-Respondents.
Brian B. Peterson argued.

---

BEVAN, Justice.

Ricky and Kimberly Holden ("the Holdens") appeal from an order of partial decree granting
a water right to their neighbors Jackie and Teresa Weece ("the Weeces"). The Holdens claim the
district court erred in adopting the findings of fact and conclusions of law contained within a special
master's Report and Recommendation and that the priority date of the Weeces' water right,
recommended by the special master and adopted by the district court, was clearly erroneous. We
affirm the district court's order.

1

# I. FACTS AND PROCEDURE

The Holdens own residential property in Mountain Home, Idaho. In 1999, the Holdens constructed a well on a portion of their property (Lot 17) and obtained a licensed water right. In 2000, the Holdens built a residence on another portion of their property (Lot 16) which included a sewage disposal system connected to the well. On May 10, 2001 the Holdens sold Lot 16 to a friend, Loree Saunders ("Saunders"). As an accommodation for the sale, the Holdens and Saunders entered into a joint well use agreement allowing Saunders to utilize the well on the Holden's property. Later, in 2001, Saunders's lender bank foreclosed Lot 16. The Weeces acquired Lot 16 from the lender bank on May 20, 2005. The Holdens and the Weeces continued to follow the joint well use agreement to provide water to Lot 16; however, a dispute arose in 2015 regarding the Weeces use of such water.

On March 12, 2015, the Weeces filed a Motion in the Snake River Basin Adjudication (SRBA) for Determination of Deferred De Minimus Domestic or Stock Water Use. The Weeces claimed a right to use the well on Lot 17 because of a prior physical diversion of water and its application to domestic beneficial use with a priority date of February 9, 2000.

On June 8, 2015, the Idaho Department of Water Resources filed its Director's Report of Deferred De Minimus Domestic and/or Stock Water Use ("Report") regarding the Weeces' claim. The Report recommended a priority date of March 13, 2000. This date was based upon a Central District Mortgage Report for Sewage and Water Systems which indicated that the sewage disposal system on Lot 16 was inspected on March 13, 2000. The Director's Report accepted March 13, 2000 for priority, inferring that water was then available to the home, since the waste disposal system was inspected and found operable.

On August 3, 2015, the Holdens filed a Standard Form 1 Objection to the director's Report, objecting that the water right "should not exist." The Objection did not include an objection to the priority date. Trial was then held before the special master and the Holdens were allowed to amend their Objection during trial to also object to the recommended priority date of March 13, 2000. Notwithstanding their stated objection, the Holdens initially maintained that the priority date was "unknown." Later during trial they asserted that the priority date could be no earlier than when the Weeces acquired Lot 16 on May 20, 2005, even though Saunders began living in the home in May 2001.

The special master then issued a special master's Report and Recommendation ("Recommendation") on December 16, 2016. The special master found that the Holdens had failed to rebut the presumption of correctness which was afforded to the Report. The special master therefore found that the priority date for the water right claimed by the Weeces was as set forth in the Report: March 13, 2000.

The district court then served a notice on all parties, pursuant to SRBA Administrative Order 1, Section 13, indicating that they had until January 28, 2017, to file a Motion to Alter or Amend the Report. The notice further provided: "Failure of any party in the adjudication to pursue or participate in a Motion to Alter or Amend the SPECIAL MASTER'S RECOMMENDATION shall constitute a waiver of the right to challenge it before the Presiding Judge."

Neither party objected to the special master's Report. The district court thereafter adopted the special master's findings as its own. The Holdens appeal, claiming the district court erred in adopting the Report and that the priority date, found by the special master and adopted by the district court, was not supported by substantial and competent evidence.

## II. STANDARD OF REVIEW

"The district court may appoint a special master in any general adjudication and shall specify the special master's powers and duties in the order of reference." *In re SRBA*, 149 Idaho 532, 536–37, 237 P.3d 1, 5–6 (2010) (citing I.C. § 42–1422). Subcases referred to a special master are governed by the Idaho Rules of Civil Procedure (I.R.C.P.), the Idaho Rules of Evidence (I.R.E.); Idaho Code § 42–1411(5); and SBRA Administrative Order 1 (AO1). *See* AO1 §§ 9(b), (11)(d); *see also In re SRBA Case, No. 39576*, 128 Idaho 246, 265–66, 912 P.2d 614, 633–34 (1995). "The procedures in AO1 'supplement the I.R.C.P., I.R.E., I.A.R. and any other applicable laws or orders of this court only to the extent necessary to allow for the fair and expeditious resolution of all claims or issues in the SRBA.' " *In re SRBA*, 149 Idaho at 537, 237 P.3d at 6 (quoting AO1 1(b)). Idaho Code section 42–1412(5) allows the SRBA district court or special master to conduct a trial without a jury on any water right objections pursuant to the Idaho Rules of Civil Procedure.

> The special master's findings which the court adopts are considered to be the findings of the court. I.R.C.P. 52(a); . . . The special master's conclusions of law are not binding upon the district court, although they are expected to be persuasive. . . . To the degree that the district court adopts the special master's conclusions of law, they are also the conclusions of the court. . . .

3

*State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 736, 740, 947 P.2d 409, 413 (1997) (citations omitted).

This Court determines whether the findings of fact by the special master and SRBA district court are supported by substantial, competent evidence. *Clear Springs Foods, Inc. v. Clear Lakes Trout Co.*, 136 Idaho 761, 765, 40 P.3d 119, 123 (2002). This Court freely reviews the SRBA district court's conclusions of law. *Id*. at 764, 40 P.3d at 122.

### III. ANALYSIS

**A. The Holdens waived any claim that the priority date was clearly erroneous by failing to object pursuant to SRBA Administrative Order 1.**

The Holdens argue the priority date recommended by the special master and adopted by the district court was clearly erroneous. We find the Holdens waived this issue on appeal by failing to file a motion to alter or amend the special master's Recommendation, pursuant to AO1, section 13(a), which provides:

> The Special Master shall prepare and file with the court a Special Master's Recommendation which shall be served on the parties to the subcase. . . . Any party to the adjudication, including parties to the subcase, may file a Motion to Alter or Amend within 21 days from the date the Special Master's Recommendation appears on the Docket Sheet. . . . Failure of any party in the adjudication to pursue or participate in a Motion to Alter or Amend the Special Master's Recommendation shall constitute a waiver of the right to challenge it before the Presiding Judge.

(Emphasis removed).

AO1 also provides a detailed framework for the process which must be followed in the SRBA in order to preserve objections to a special master's report for appeal. For example, if a party files a Motion to Alter or Amend a special master's report, the special master must then decide the motion "with or without a hearing." *Id.* § 13(b). After the special master issues a decision on a Motion to Alter or Amend, a party may then file a Notice of Challenge to the decision within fourteen days. *Id.* § 13(c). Such Notice must include a "detailed statement of the issue(s) and a detailed description, including hearing dates and times, of any transcript(s) requested." *Id*. It is incumbent upon the moving party to pay for such transcript(s). *Id*. § 13(d).

By filing a Notice of Challenge the objecting party accomplishes two things: first, that party initiates a process which provides procedural fairness for judicial review; and second, the Notice of Challenge provides the SRBA judge with a suitable record with which to review the sufficiency of

4

the special master's findings. *See generally id*. §§ (d)–(e). Once filed, all issues raised in the Notice of Challenge are briefed by each party and oral arguments are held, at which point the district court will rule on the issues raised. *Id.* § 13(e).

The Holdens failed to avail themselves of any of these procedural safeguards/requirements. The Holdens filed their objection to the Weece's motion on August 3, 2015 and were thereby joined as parties to the subcase. *See* I.C. § 42-1401A(6); AO1 §2(n) (an objector is "a party to the adjudication."); AO1 § 2(p) (a party to a subcase is "any objector or respondent to a water right recommendation. . . ."). However, once the special master issued his Recommendation, the Holdens sat on their rights and failed to file a motion to alter or amend the Recommendation. As such, they are barred from asserting error in those findings before this Court.

The SRBA judge had nothing other than the special master's Recommendation to go on. Because the Holdens waived any right to challenge the Recommendation, they have failed to establish the requisite basis to make that challenge on appeal.

It is axiomatic that a party challenging any action by a lower tribunal must follow the procedural requisites to provide a record for review. *See*, *e.g.*, *Jacklin Land Co. v. Blue Dog RV, Inc.*, 151 Idaho 242, 249, 254 P.3d 1238, 1245 (2011) (quoting *Western Community Ins. Co. v. Kickers, Inc.*, 137 Idaho 305, 306, 48 P.3d 634, 635 (2002) ("The appellant has the obligation to provide a sufficient record to substantiate his or her claims on appeal. In the absence of a record that is adequate to review the appellant's claims, we will not presume error below.") (citation omitted); *Greenfield v. Smith*, 162 Idaho 246, 395 P.3d 1279, 1286 (2017) (quoting *Belk v. Martin*, 136 Idaho 652, 661, 39 P.3d 592, 601 (2001) ("In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error."). These principles are equally applicable before the SRBA for those parties wishing to challenge the findings of a special master.[1]

Accordingly, because there was no Notice of Challenge, the district court rightly deduced both parties agreed with the priority date within the special master's Recommendation. In the context of summary judgement we have stated, "the trial court is not required to search the record looking for evidence that may create a genuine issue of material fact; the party opposing the summary judgment is required to bring that evidence to the court's attention." *Vreeken v. Lockwood Eng'g,*

---

[1] The Holdens argued before this Court that they apparently had financial constraints which limited their ability to pay for a Notice of Challenge. Nevertheless, they never made application to waive such costs before the SRBA court, pursuant to Idaho Code section 31-3220, and there is nothing in the record to support such claims. Consequently, we do not address their alleged financial inability to pay in this appeal.

*B.V.*, 148 Idaho 89, 104, 218 P.3d 1150, 1164–65 (2009). The same rule applies in the circumstances presented here. A district court is not required to "scour the record" (limited though it was in this case) in order to determine if there is any evidence that contradicts any un-objected-to finding of fact. *Quemada v. Arizmendez*, 153 Idaho 609, 616, 288 P.3d 826, 833 (2012). Nor is the court required to create the record by *sua sponte* ordering a transcript. Indeed, there is no basis for the court to do so where the objecting party bears the burden of providing a transcript and paying for it. AO1 § 13(d).

The Holdens claim they should be allowed to circumvent the procedures required by AO1 and challenge the priority date for the first time on appeal pursuant to Idaho Rule Civil Procedure 52(a), which sets forth that "[a] party may raise the question of the sufficiency of the evidence to support the findings [of a lower tribunal] whether or not the party raising the question . . . made an objection to the findings or a motion to amend them. . . ." We disagree.

Parties to the SRBA are bound by the procedural requirements of AO1 notwithstanding the provisions of Rule 52(a). This is so because of the unique nature of the SRBA court. The Idaho Legislature modified procedures "for the adjudication of rights to the use of water" in order to "provide a more efficient method for adjudications," and to "assure that state laws and procedures provide a fair and impartial forum for the adjudication of the rights of all claimants. . . ." I.C. § 42-1401(1)–(3). The SRBA court has managed hundreds of thousands of water right claims pursuant to procedures which require precision and exactness. Ad hoc exceptions to the procedural requirements in AO1 would be impractical and unmanageable. We therefore hold that the Holdens waived the right to challenge the findings of the special master, which were later ordered in a partial decree by the district court.

## B. Weeces are entitled to attorney fees on appeal.

The Weeces request attorney fees pursuant to Idaho Code section 12-121. To obtain attorney fees under this statute the following standard applies:

> An award of attorney fees under Idaho Code § 12–121 is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. When deciding whether attorney fees should be awarded under I.C. § 12–121, the entire course of the litigation must be taken into account and if there is at least one legitimate issue presented, attorney fees may not be awarded even though the losing party has asserted other factual or legal claims that are frivolous, unreasonable, or without foundation.

*Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009) (citation omitted).

The issues raised by the Holdens on appeal were waived when the Holdens failed to follow procedures which are clearly mandated by AO1. It is the burden of the party challenging the findings of a special master to rebut those findings with admissible evidence and facts. The Holdens did not present such evidence to the special master, and they continue to advocate that this Court remand this case to allow the special master to take another shot at it. This is simply a request to second guess those findings without facts to establish their position. The appeal was brought frivolously, unreasonably, or without foundation. As such, the Weeces are awarded attorney fees on this appeal.

**C. The Holdens are not entitled to attorney fees on appeal.**

In one sentence at the end of their briefing, the Holdens "request and seek . . . all cost and attorney fees." Under Idaho Appellate Rule 35(a), "If the appellant is claiming attorney fees on appeal the appellant must so indicate in the division of issues on appeal that appellant is claiming attorney fees and state the basis for the claim." The Holdens failed to satisfy either of these requirements. They failed to indicate a request for attorney fees within its division of issues on appeal and they did not state a legal basis for such an award. Beyond that, they are not the prevailing party on this appeal. Accordingly, the Holdens are not entitled to attorney fees on appeal.

## IV. CONCLUSION

For the reasons set forth above, the order of partial decree issued by the district court is affirmed by this Court. The Weeces are awarded costs and attorney fees on appeal.

Chief Justice BURDICK, Justices JONES, HORTON, and BRODY, CONCUR.