604 P.2d 717

**TYROLEAN ASSOCIATES, an Idaho Limited Partnership, Plaintiff-Respondent,**

v.

**CITY OF KETCHUM and Mayor and Duly Elected City Council of Ketchum, Defendants-Appellants.**

No. 13015.

Supreme Court of Idaho.

Dec. 13, 1979.

---

**704**

James W. Phillips, Ketchum, for defendants-appellants.

Bruce J. Collier, Ketchum, for plaintiff-respondent.

DUNLAP, Justice Pro Tem.

The City of Ketchum appeals a district court decision holding that its zoning ordinance is unconstitutional. In April 1974 the City of Ketchum passed a comprehensive zoning ordinance. Plaintiff-respondent, as owner of the Tyrolean Lodge Motel, maintains an off-site sign in the public right-of-way on Main Street in Ketchum. The sign does not conform to the standards of the Ketchum ordinance because, among other things, it is an off-site sign maintained in the public right-of-way without required permits from the City. When the City refused to grant plaintiff a variance permitting the retention of the sign, plaintiff filed suit seeking to declare the ordinance unconstitutional. The district court held that the ordinance, as applied to the Tyrolean off-site sign, constitutes a taking of private property without just compensation.

▮ Before claiming that the Ketchum City Ordinance is a taking of private property without just compensation, Tyrolean Associates must first establish a vested property right in the sign. *Kohlasch v. New York State Thruway Authority*, 460 F.Supp. 956 (S.D.N.Y.1978); *see Snyder v. State*, 92 Idaho 175, 438 P.2d 920 (1968); *Bare v. Department of Highways*, 88 Idaho 467, 401 P.2d 552 (1965); U.S.Const. amends. V, XIV; Idaho Const. art. 1, § 14. It is well established in Idaho that a city has exclusive control over its streets, highways and sidewalks within its municipal boundaries. *City of Nampa v. Swayne*, 97 Idaho 530, 547 P.2d 1135 (1976); *Snyder v. State, supra; Yellow Cab Taxi Service v. City of Twin Falls*, 68 Idaho 145, 190 P.2d 681 (1948). A city has no right to grant to an individual the permanent use of a public street. *Boise v. Sinsel*, 72 Idaho 329, 241 P.2d 173 (1952). Furthermore, no one has a vested right to use the streets and public rights-of-way for private gain. *Yellow Cab Taxi Service v. City of Twin Falls, supra. A fortiori* no right to use public property for private purposes can be acquired by prescription or acquiescence against a mu-

nicipality. *Pullin v. City of Kimberly*, 100 Idaho 34, 592 P.2d 849 (1979); *West v. Smith*, 95 Idaho 550, 511 P.2d 1326 (1973); *Bare v. Department of Highways, supra; Yellow Cab Taxi Service v. City of Twin Falls, supra; cf. Snyder v. State, supra* (inverse condemnation).

In the instant case, as the Tyrolean sign is located on the public right-of-way, Tyrolean Associates have no vested property interest in maintaining the sign in its present location. Without establishing this threshold requirement, Tyrolean Associates cannot complain of an unconstitutional taking. As this issue is dispositive of the case, we need not address the other issues raised by appellants. Accordingly, the judgment of the district court is reversed.

DONALDSON, C. J., and BAKES, McFADDEN and BISTLINE, JJ., concur.