# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35217/35943

IN RE SRBA, CASE NO. 39576 SUBCASE
NOS: 45-13792 AND 45-13793.

---------------------------------------------------------

BRUCE BYRON BEDKE, JARED K.
BEDKE,

    Appellants,

v.

CITY OF OAKLEY,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2010 Term

2010 Opinion No. 53

Filed: May 19, 2010

Stephen Kenyon, Clerk

SUBSTITUTE OPINION. THE
COURT'S PRIOR OPINION
DATED MARCH 18, 2010, IS
HEREBY WITHDRAWN

---

Appeal from the District Court of the Fifth Judicial District of the State of Idaho,
Twin Falls County. Hon. John M. Melanson, District Judge.

The decision of the district court is affirmed.

Bruce Byron Bedke and Jared K. Bedke, Oakley, appellants pro se. Jared Bedke
argued.

Capitol Law Group, PLLC, Gooding, for respondent. David Heida argued.

---

HORTON, Justice

This is a consolidated appeal from the Snake River Basin Adjudication (SRBA) district court's orders disallowing Bruce and Jared Bedkes' claimed water rights and awarding the City of Oakley (the City) attorney fees. We affirm and award the City attorney fees and costs on appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Up until 1991, the Bedkes used water from the City's pipeline and paid for such use. In 1991, the pipeline was cut and capped by the City below the Bedkes' property and a new agreement for water usage was proposed by the City to the Bedkes. Bruce Bedke did not sign

the agreement and ceased payment for water delivered under claimed right 45-13793. The Bedkes continued to pay for water delivered under claimed right 45-13792.

On September 7, 2004, the Director of the Idaho Department of Water Resources (IDWR) filed the director's report for Basin 45, recommending the Bedkes' claimed water rights numbered 45-13792 and 45-13793 be disallowed. The Bedkes objected to the recommendation that their claims be disallowed, asserting that they had met all the elements required for establishing those rights. The City responded to the Bedkes' objection, stating that the Bedkes' claimed water rights were simply derived from the City's pipeline and thus, the Bedkes were claiming water rights belonging to the City. On April 10, 2006, the parties filed a joint statement of facts and eventually both filed motions for summary judgment.

On December 13, 2006, the special master denied the Bedkes' request for summary judgment, granted the City's request for summary judgment, and recommended that the Bedkes' claimed water rights be disallowed. A week later, on December 20, 2006, the City filed a memorandum of costs and fees, requesting an award of attorney fees pursuant to I.C. §§ 12-120, 12-121, and 12-123. The Bedkes filed a memorandum in opposition to the City's motion for costs and fees on March 7, 2007, arguing in part that the City could not be entitled to attorney fees at that stage of the litigation because the outcome had not yet been decided at the district court and thus the prevailing party had yet to be determined—a requirement for an award of attorney fees. The City responded on March 13, 2007, by moving to strike the Bedkes' memorandum in opposition, arguing that such memorandum was untimely.

In the meantime, on January 26, 2007, the Bedkes filed a motion to alter or amend the special master's recommendation. On January 30, 2008, the special master issued an order denying the Bedkes' motion to alter or amend, granting the City's motion to strike the Bedkes' memorandum in opposition to the City's motion for costs and attorney fees, and recommending that the district court award the City attorney fees. The deadline for objecting to the recommendation regarding attorney fees was set on the special master's calendar for February 28, 2008.

On February 27, 2008, the Bedkes filed a notice of challenge to the special master's orders denying the Bedkes' motion to alter or amend the recommendation that their claimed water rights be disallowed, granting the City's motion to strike, and recommending an award to the City of attorney fees incurred in connection with the summary judgment proceedings. Along

with this notice of challenge, the Bedkes filed a motion asking the district court, pursuant to I.R.C.P. 55(c), to deem the challenge to the special master's denial of their motion to alter or amend the recommendation of disallowance as having been timely filed. This motion was filed because the 14-day deadline for filing such a challenge, as prescribed in Administrative Order (AO) 1, § 13(c), had already passed. On February 29, 2008, the City filed a motion to strike the Bedkes' challenge as untimely.

On March 11, 2008, the district court issued an order denying the Bedkes' motion to deem their challenge as timely, granting the City's motion to strike the challenge, and disallowing the Bedkes' claimed water rights. The district court found that the portion of the Bedkes' challenge regarding the special master's recommendation of attorney fees was timely when considered as a motion to alter or amend the special master's recommendation on fees and recommitted the issue of attorney fees to the special master for further action. The district court certified this order as final, pursuant to I.R.C.P. 54(b).

On March 18, 2008, the Bedkes filed a motion asking the district court to reconsider its March 11, 2008 order. The district court denied that motion on March 24, 2008. On April 17, 2008, the Bedkes filed a timely notice of appeal from the district court's order denying their motion to deem their challenge timely filed and disallowing their claimed water rights and from the court's denial of their motion to reconsider. This Court assigned the appeal Docket No. 35217.

Upon recommitment, the special master considered the Bedkes' motion to alter or amend its recommendation regarding attorney fees and, on April 9, 2008, denied the motion. On April 17, 2008, the Bedkes filed with the district court a notice of challenge to the special master's order denying their motion to alter or amend the recommendation regarding attorney fees. On April 21, 2008, the City filed a second motion for costs and fees along with an accompanying memorandum, seeking to recover the costs and fees it incurred after the filing of its original motion for attorney fees. The Bedkes filed a motion to disallow the City's second motion for attorney fees, arguing *inter alia* that the City's memorandum of costs and fees was not verified. In response, on May 2, 2008, the City filed a second, verified memorandum of costs and attorney fees. On October 30, 2008, the district court affirmed the special master's order striking the Bedkes' memorandum in opposition to the City's motion for costs and attorney fees and adopted the special master's recommendation that the City be awarded attorney fees pursuant to I.C. §

12-121. That same day the district court entered judgment for the City against the Bedkes in the amount of $11,427.34. At oral argument, the Bedkes acknowledged that they paid the judgment under threat of a sheriff's sale.

On November 14, 2008, the Bedkes filed a motion to reconsider the district court's October 30th order. On that same day, the Bedkes also filed a motion to strike the City's second motion and verified memorandum of costs and attorney fees, because the motion and memorandum were not filed within 14 days of the final judgment as required by I.R.C.P. 54(d)(5). On December 10, 2008, the Bedkes filed their notice of appeal from the district court's October 30th order. This Court assigned this second appeal Docket No. 35943. On December 15, 2008, the district court issued an order denying the Bedkes' motion to reconsider its October 30th order and their motion to strike the City's second motion and verified memorandum for attorney fees.

On January 5, 2009, the Bedkes' two appeals were consolidated into the instant appeal under Docket No. 35217.

## II. STANDARD OF REVIEW

> The district court may appoint a special master in any general adjudication and shall specify the special master's powers and duties in the order of reference. I.C. § 42-1422. Subcases referred to a special master are governed by the [Idaho Rules of Civil Procedure (I.R.C.P.)] and the Idaho Rules of Evidence (I.R.E.). I.C. § 42-1411(5); see S.R.B.A. AO1 9(b), (11)(d); *see also In re SRBA Case, No. 39576*, 128 Idaho 246, 258, 912 P.2d 614, 625 (1995).

*State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 736, 740, 947 P.2d 409, 413 (1997). The procedures in AO1 "supplement the I.R.C.P., I.R.E., I.A.R. and any other applicable laws or orders of this court only to the extent necessary to allow for the fair and expeditious resolution of all claims or issues in the SRBA." AO1 1(b).

> The special master's findings which the court adopts are considered to be the findings of the court. I.R.C.P. 52(a); *Higley v. Woodard*, 124 Idaho 531, 534, 861 P.2d 101, 104 (Ct. App. 1993); *Seccombe v. Weeks*, 115 Idaho 433, 434 [435], 767 P.2d 276, 278 (Ct. App. 1989). The special master's conclusions of law are not binding upon the district court, although they are expected to be persuasive. *Rodriguez v. Oakley Valley Stone, Inc.*, 120 Idaho 370, 378, 816 P.2d 326, 334 (1991). To the degree that the district court adopts the special master's conclusions of law, they are also the conclusions of the court. *Higley*, 124 Idaho at 534, 861 P.2d at 104.

*Hagerman*, 130 Idaho at 740, 947 P.2d at 413.

"This Court employs the same standard of review as the district court when ruling on a motion for summary judgment." *City of Pocatello v. State*, 145 Idaho 497, 500, 180 P.3d 1048, 1051 (2008) (citation omitted). "Summary judgment is proper when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Idaho R. Civ. P. 56(c)." *Id.* "If there is no genuine issue of material fact, 'only a question of law remains, over which this Court exercises free review.'" *Id.* (quoting *Watson v. Weick,* 141 Idaho 500, 504, 112 P.3d 788, 792 (2005)).

> The question of compliance with the rules of procedure and evidence is one of law. *See Harney v. Weatherby*, 116 Idaho 904, 906-07, 781 P.2d 241, 243-44 (Ct. App. 1989). This Court freely reviews conclusions of law. *Kootenai Elec. Co-op. Inc. v. Washington Water Power Co.*, 127 Idaho 432, 434, 901 P.2d 1333, 1335 (1995).

*Hagerman*, 130 Idaho at 740, 947 P.2d at 413.

"[T]he district court's determination whether an action was brought, pursued or defended frivolously, unreasonably or without foundation will not be disturbed absent an abuse of discretion." *Puckett v. Verska*, 144 Idaho 161, 170, 158 P.3d 937, 946 (2007) (citation omitted). The test for whether a trial court abuses its discretion is

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (citing *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)).

### III. ANALYSIS

The Bedkes argue that the district court erred by not granting their motion to deem their challenge as timely filed, by adopting the special master's recommendation that their claimed water rights be disallowed, and by denying their motion to reconsider their challenge. They also assert that the special master lacked authority to recommend an award of attorney fees and that the district court erred in holding that the City's motions for attorney fees were timely.[1] Finally,

---

[1] Although not an issue raised by either of the parties, we must initially consider whether the Bedkes' appeal from the judgment awarding the City attorney fees has been mooted as a result of their satisfaction of the judgment. This is because mootness is a jurisdictional issue that this Court is required to raise *sua sponte*. *In re Doe I*, 145 Idaho 337, 340, 179 P.3d 300, 303 (2008) (citing *Webb v. Webb*, 143 Idaho 521, 524, 148 P.3d 1267, 1270 (2006)). We conclude that this issue is not moot because the Bedkes were compelled to pay the award in order to avoid a

the Bedkes claim that the district court erred in finding their claims to be frivolous. The City asks for attorney fees on appeal.

**A. The district court did not err in denying the Bedkes' motion to deem their challenge timely filed or in granting the City's motion to strike their challenge.**

The Bedkes filed their challenge to the special master's denial of their motion to alter or amend his recommendation to disallow their claimed water rights with the district court twenty-eight days after the special master issued that decision. Mindful of the deadline for filing such a challenge, as set out in AO1 13(c), the Bedkes simultaneously moved the district court to deem their challenge as having been timely filed. Administrative Order 1 13(c) states in relevant part that

> [a]ny party who first filed or participated in a *Motion to Alter or Amend* before the Special Master may file a *Notice of Challenge* to the decision on a *Motion to Alter or Amend*. A *Notice of Challenge* shall be filed within 14 days following the date of the filing of the decision on a *Motion to Alter or Amend*.

The Bedkes brought their motion to deem their challenge as timely filed pursuant to I.R.C.P. 55(c), which states that

> [f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The Bedkes allege that their untimely filing of their notice of challenge was due to their initial reliance upon an entry on the special master's calendar that listed the deadline for filing objections to the master's report and recommendation in this case as February 28, 2008. The special master had combined his order denying the Bedkes' motion to alter or amend with his recommendation pertaining to attorney fees and, as the Bedkes realized too late, the February 28 deadline was for objections to the master's recommendation regarding attorney fees, not for challenges to his denial of the Bedkes' motion to alter or amend. Challenges to the denial of a motion to alter or amend, as stated above, are governed by AO1 13(c), which would have required the Bedkes' to file their challenge by February 14. The Bedkes urge that the confusion they suffered due to the combined recommendation and order, coupled with the February 28 calendar entry, excuses their untimely filing of their notice of challenge and that pursuant to I.R.C.P. 55(c) the court should have heard their challenge. The City moved to strike the Bedkes'

---

sheriff's sale. *Int'l Bus. Machines Corp. v. Lawhorn*, 106 Idaho 194, 196-97, 677 P.2d 507, 509-10 (Ct. App. 1984) (holding that because Lawhorn only satisfied the judgment below in order to avoid a sheriff's sale, his satisfaction was involuntary and thus his appeal was not moot).

challenge as untimely and further contends that I.R.C.P. 55(c) does not apply in this case as the district court never entered a default judgment against the Bedkes.

The City is correct that I.R.C.P. 55(c) did not govern the Bedkes' motion, as the district court did not enter default judgment against the Bedkes. The period of time provided by AO1 13(c) to challenge a special master's decision regarding a motion to alter or amend is consistent with the general provision of the Idaho Rules of Civil Procedure regarding objections to reports from special masters. *See* I.R.C.P. 53(e)(2) ("Within fourteen (14) days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties.") AO1 (a) recognizes that "[t]he litigation of the SRBA will be governed by the Idaho Rules of Civil Procedure (I.R.C.P.), Idaho Rules of Evidence (I.R.E.) and the Idaho Appellate Rules (I.A.R.)". Accordingly, the motion to deem the challenge timely filed was governed by I.R.C.P. 6(b).[2] Consistent with the express terms of I.R.C.P. 6(b), this Court reviews a trial court's decision whether to grant a motion for enlargement for abuse of discretion. *Wheeler v. McIntyre*, 100 Idaho 286, 289, 596 P.2d 798, 801 (1979).

We are unable to conclude that the district court abused its discretion by denying the Bedkes' motion to deem their challenge as timely filed. The district court noted that the special master's order denying the Bedkes' motion to alter or amend and recommending attorney fees "clearly and unequivocally separates the order on the motion to alter or amend from the special master's recommendation on costs and fees." The district court continued, stating:

> The entry in the Court's register of actions and on the docket also clearly separates the order on the motion to alter or amend and the special master's recommendation on costs and fees into separate entries. Exhibit A to Bedkes' *motion*, an excerpt from the Court's online calendar for Special Master Dolan, only addresses the deadline for filing the objection to the special master's recommendation. The deadline for filing a challenge would not appear on Special Master Dolan's calendar because challenges are filed with the presiding judge not the special master. The special master's calendar also is not the official notice for the Court. Had Bedkes checked the docket sheet or the register of actions for the case they would have seen entries for both the order denying the motion to alter or amend and the special master's recommendation with objection deadline.

---

[2] Rule 6(b), I.R.C.P. provides, in pertinent part, as follows:

> When by these rules . . . an act is required or allowed to be done at or within a specified time, . . . the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but the time may not be extended for taking any action under rules 50(b), 52(b), 59(b), (d), (e), and 60(b) except to the extent and under the conditions stated in them.

More importantly, the district court noted that the Bedkes need not have consulted the register of actions or the court's docket sheet, since they were parties to the subcase and had actual notice of the special master's actions, which were clearly delineated. The district court concluded that "the Bedkes are not new to the SRBA process and have previously filed a challenge to the Presiding Judge. The Court does not find the Bedkes' alleged confusion to be reasonable under the circumstances."

The Bedkes do not contend that these factual findings by the court are in any way erroneous. The district court's decision articulates the reasons that it found that the Bedkes' claimed confusion did not constitute cause for enlarging the time provided by AO1 13(c). We conclude that the Bedkes have failed to demonstrate that the district court abused its discretion. *See Sun Valley Shopping Center, Inc*., 119 Idaho at 94, 803 P.2d at 1000. We therefore affirm the district court's order denying the Bedkes' motion to deem their notice of challenge timely filed and granting the City's motion to strike their challenge.

**B. The district court did not err in adopting the special master's summary judgment recommendation that the Bedkes' claimed water rights be disallowed.**

The district court considered the special master's findings of fact and conclusions of law and wholly adopted them. Since there are no disputed facts, we freely review the district court's adopted conclusions of law.[3]

The Bedkes claim they obtained their water rights under the constitutional method.[4] "Under . . . the 'constitutional method of appropriation,' a water user could make a valid appropriation without a permit, most commonly by diverting the water and putting it to beneficial use." *State v. U.S.*, 134 Idaho 106, 111, 996 P.2d 806, 811 (2000). The Bedkes claim that their water rights are derived from the same springs from which the City derives its rights. They claim that they constitutionally appropriate water from the springs, that their water comingles with the City's water in the City's pipeline, and that the Bedkes successfully reclaim the water when it comes out of the end of the City's pipe.

---

[3]     The Bedkes claim that the special master considered several arguments on summary judgment that were not initially raised by the City in their pleadings and/or the stipulated facts that the parties submitted to the special master. These objections, however, were not presented to the district court since, as discussed in Part.III.A, *supra*, the Bedkes failed to raise them to the district court in a timely fashion. This Court will not consider issues raised for the first time on appeal. *Michalk v. Michalk*, 148 Idaho 224, 232, 220 P.3d 580, 588 (2009).

[4]     In subcase number 45-13792 the Bedkes claimed a .23 cfs water right with a priority date of January 1, 1955. In subcase number 45-13793 the Bedkes claimed a .23 cfs water right with a priority date of April 1, 1964.

The Bedkes urge that the district court erred in adopting the special master's finding that the holding from SRBA presiding judge John M. Melanson's August 3, 2005 Memorandum Decision and Order on Challenge in subcase 55-10135 (later affirmed in pertinent part by this Court in *Joyce Livestock Co. v. U.S.*, 144 Idaho 1, 8, 156 P.3d 502, 509 (2007)), is inapplicable to this case. That holding states that no physical diversion is required in order to acquire a water right for instream stock watering use. The special master pointed out that the Bedkes have not claimed instream stock watering rights and instead have claimed rights derived from "water sources distant from where the water is consumed by their livestock." More importantly the special master stated

> the Bedkes did not divert the water from its sources. Remember, the Bedkes did not claim the City's pipeline as the source—they claimed "spring" as the source for each claim. The City diverted the water and the Bedkes are merely "piggy backing" their claim on another's diversion works. The inevitable conclusion is that the Bedkes cannot lawfully appropriate the water from the springs by claiming the City's diversion works as their point of diversion and the City's pipeline as their point of rediversion. While the Bedkes may have had the requisite intent to apply the water to a beneficial use, they failed to prove they diverted water from [the Springs]. The City diverted the water flowing in its pipeline for a public use and the Bedkes are no more than "customers" of the City when they draw water from the pipeline to water their livestock.

The Bedkes continue to argue, however, that based on *Joyce Livestock*, a diversion is not necessary to establish a water right. What this argument obtusely refuses to acknowledge, however, is that in cases of instream stock watering, we have recognized a narrow exception to the diversion requirement because there is no need for a physical diversion when cattle owners deliver the water to their stock directly "by watering [them] in the springs, creeks, and rivers." *Joyce*, 144 Idaho at 8, 156 P.3d at 509. In other words, *Joyce* does not stand for the broad proposition that a physical diversion is not necessary to obtain a water right under the constitutional method; rather, the exception for instream stock watering is based on the common-sense acknowledgement that in such cases there is no rational basis for requiring a physical diversion. When cattle are standing in a stream, they divert the water themselves by simply bending down and drinking it. *See R. T. Nahas Co. v. Hulet*, 106 Idaho 37, 44, 674 P.2d 1036, 1043 (Ct. App. 1983) ("We think it unlikely that a rancher would divert water from a stream running through his property for livestock watering when the same result is achieved without effort simply by allowing livestock to drink directly from the stream.")

The Bedkes further argue that, although they believe that no diversion was required in order for them to obtain a water right, "it is possible for them to have obtained some sort of conveyance right in the City's pipeline to transport water they allegedly appropriated from the springs to their sources of use." They argue that they obtained such a right through prescription.

> In order to establish an easement by prescription, a claimant must prove by clear and convincing evidence use of the subject property that is (1) open and notorious, (2) continuous and uninterrupted, (3) adverse and under a claim of right, (4) with the actual or imputed knowledge of the owner of the servient tenement (5) for the statutory period of five years. A prescriptive right cannot be granted if the use of the servient tenement was by permission of its owner, because the use, by definition, was not adverse to the rights of the owner. Indeed, the rule is well established that no use can be considered adverse or ripen into a prescriptive right unless it constitutes an actual invasion of or infringement on the rights of the owner.

*Hughes v. Fisher*, 142 Idaho 474, 480, 129 P.3d 1223, 1229 (2006) (citations omitted).

The special master noted that

> Idaho has followed the general rule that property held by a municipality in trust for public use cannot be acquired by adverse possession or prescription. In *Hellerud v. Hauck*, 52 Idaho 226, 13 P.2d 1099 (1932), the Idaho Supreme Court held that in the absence of a statute making the state subject to the statute of limitations, no title by adverse possession can be acquired against the state no matter how long the adverse occupancy. There are no cases suggesting the same reasoning does not apply to municipalities and the Bedkes have not pointed to any statute exempting the state or municipalities from the general rule.

The Bedkes respond on appeal by citing to *Owen v. City of Independence Mo.*, 445 U.S. 622, 638 (1980), for the proposition that municipalities are treated as natural persons for all purposes of constitutional and statutory analysis. Although the Bedkes have managed to extract one sentence from *Owen* that tends to support their position, that decision is simply inapplicable. In *Owen*, the U.S. Supreme Court addressed "the question whether local governments, although not entitled to an absolute immunity, should be afforded some form of official immunity" in litigation brought under 42 U.S.C. § 1983. 445 U.S. at 624. In *Owen*, the U.S. Supreme Court explicitly identified the question as one of federal law: "By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress – the supreme sovereign on matters of federal law – abolished whatever vestige of the State's sovereign immunity the municipality possessed." 445 U.S. at 647-48. In contrast, the Bedkes' claims of rights by prescription arise under Idaho law. This Court definitively settled the question of whether an interest in public property may be acquired against a municipality by

prescription in *Tyrolean Associates v. City of Ketchum*, when we held that "no right to use public property for private purposes can be acquired by prescription or acquiescence against a municipality." 100 Idaho 703, 704, 604 P.2d 717, 718 (1979) (citations omitted).

The special master further concluded that the Bedkes could not obtain a conveyance right in the City's pipeline through prescription because "[the Bedkes'] use of [the water and the City's pipeline] was by permission of the owner and therefore, the Bedkes' claim of prescriptive easement must fail." (Citing *Christle v. Scott*, 110 Idaho 829, 830, 718 P.2d 1267, 1268 (Ct. App. 1986); *Hughes*, 142 Idaho at 480, 129 P.3d at 1229). The special master noted that

> [t]he record indicates that Mr. Bedke received the benefit of the City's water and paid the appropriate fees over the years and continues to do so under [claimed water right] 45-13792, but not [claimed water right] 45-13793. What is significant is that Mr. Bedke only stopped paying for water under 45-13793 in 1991, after the City capped the pipeline below Mr. Bedke's tie-in. That implies that he recognized his status as a customer under both claims until 1991 . . . . In other words, Mr. Bedke claimed to be receiving "his" water while at the same time acknowledging he received the water with permission of the City and paid its fees.
>
> While the Bedkes may now argue they used the City's water continuously since 1955 and 1964, they cannot reasonably argue that their use of the water or the City's pipeline was open and adverse. Their use of both was by permission of the owner and therefore, the claim of prescriptive easement must fail.

The Bedkes make no answer to this point on appeal.

Because the Bedkes have failed to persuasively argue that no diversion is necessary to obtain a constitutional water right in cases such as theirs, and because they have failed to show that they have gained a conveyance right in the City's pipeline, we conclude that the district court did not err when it adopted the special master's conclusion of law that the Bedkes' claimed water rights should be disallowed.

**C. The district court did not err in denying the Bedkes' motion to reconsider its denial of their motion to deem their challenge timely filed, its grant of the City's motion to strike, and its order disallowing the Bedkes' claimed water rights.**

After the district court ordered the Bedkes' water rights disallowed, the Bedkes moved the court to reconsider its decision. The district court denied the motion.

In conjunction with its original order disallowing the Bedkes' water right claims, the district court issued a "Rule 54(b) Certificate." This converted the court's order with respect to the disallowance of the water rights into a "judgment," as defined in I.R.C.P. 54(a): "a decree . . . from which an appeal lies." Therefore, the Bedke's motion asking the district court to

reconsider its decision on the disallowance of the water rights is properly considered as a motion to alter or amend a judgment, as described in I.R.C.P. 59(e). "Th[is] Court reviews an order denying a motion to alter or amend [a] judgment for abuse of discretion. Pursuant to I.R.C.P. 59(e), a district court can correct legal and factual errors occurring in proceedings before it." *Straub v. Smith*, 145 Idaho 65, 71, 175 P.3d 754, 760 (2007) (citation omitted).

The thrust of the Bedkes' motion to reconsider was that the district court erred in denying the motion to deem their challenge timely filed and in considering that challenge because, as pro se litigants, the Bedkes, while having made some mistakes in their numerous appearances before the SRBA, are yet gathering experience and have never made the same mistake twice. As the district court correctly pointed out, however, "[p]ro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997)." *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007). Recognizing that the decision whether to grant the motion for reconsideration was within its discretion, the district court reasonably applied the applicable law and denied the motion. This was not an abuse of discretion. *See Sun Valley Shopping Center, Inc*., 119 Idaho at 94, 803 P.2d at 1000. Therefore, we affirm the district court's denial of the Bedkes' motion for reconsideration.

**D. The district court did not err in holding that the special master had authority to entertain the City's motion for attorney fees and costs.**

On January 30, 2008, in denying the Bedkes' motion to alter or amend his recommendation that their water claims be disallowed, the special master also recommended that the district court grant the City's motion for attorney fees and costs. The Bedkes argue that the special master lacked authority to make this recommendation. We disagree.

Administrative Order 1 9(a) states that "[t]he Presiding Judge may refer matters, including subcases, to a Special Master by an *Order of Reference* pursuant to I.R.C.P. 53." In turn, I.R.C.P. 53(c) states in relevant part that "[s]ubject to the specifications and limitations stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing and to do all acts and take all measures necessary or proper for the efficient performance of duties under the order." The Bedkes can point to no specification or limitation in the presiding judge's order of reference to the special master in this case that would preclude him from making a recommendation on attorney fees. Indeed, the Bedkes note in their briefing that the order of reference to the special master states in pertinent part that the special master shall

have the authority to "schedule and hear dispositive and nondispositive motions of any party." *Amended Order of Reference Appointing Terry A. Dolan Special Master for Irrigation and Other Claims in Reporting Area 10, Basin 45*, May, 2001.

The Bedkes point out that under Idaho law, attorney fees can only be awarded to a prevailing party and that a prevailing party in cases such as this one cannot be definitively determined by the special master, but rather may only be determined after the presiding judge issues an order either partially decreeing the claimed water rights or disallowing them. Making a recommendation on attorney fees and costs in accordance with its recommendation on the merits, however, is a measure "necessary and proper for the efficient performance of [the special master's] duties" under the order of reference. We therefore conclude that the special master had authority to make a recommendation on attorney fees and costs. In any event, the master's recommendation was simply that – a recommendation. We thus turn to the more pertinent inquiry, that is, whether the district court erred in awarding the city attorney fees and costs.

**E. The district court did not err in granting the City attorney fees and costs.**

**1. Timeliness of the City's memoranda for attorney fees and costs.**

The City filed its initial motion for attorney fees and costs with the special master on December 20, 2006, just one week after the special master issued his recommendation on summary judgment that the Bedkes' claims be disallowed. The Bedkes contend that this request by the City was premature and thus invalid, since the district court had yet to definitively determine the prevailing party.

Idaho Rule of Civil Procedure 54(d)(5) governs the timing for a request for attorney fees:

> At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment. Such memorandum must state that to the best of the party's knowledge and belief the items are correct and that the costs claimed are in compliance with this rule. Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right of costs. A memorandum of costs prematurely filed shall be considered as timely.

The district court agreed with the Bedkes that the City's December 20 request with the special master for attorney fees and costs was premature, as the district court had not yet entered the final judgment (partial decree or final order disallowing claims). The court relied on *Crowley v. Lafayette Life Ins. Co.*, 106 Idaho 818, 823, 683 P.2d 854, 859 (1984), however, which holds that

a premature filing of a memorandum of attorney fees and costs does not constitute grounds for striking the memorandum when no prejudice would result to any party from considering it. We conclude that the district court properly relied on *Crowley* in considering the City's memorandum as valid.

The Bedkes argue that they were prejudiced by the City's premature filing, as it caused the court to enter the February 28, 2008 deadline on the special master's calendar for filing objections to the master's report and recommendation regarding attorney fees, which the Bedkes initially mistook for the deadline for filing their challenge regarding the special master's denial of their motion to alter or amend his recommendation that their water claims be disallowed. As discussed in Part.III.A and Part.III.C, *supra*, however, AO1 13(c) governs the timing of such a challenge, even for pro se litigants. The prejudice that the Bedkes identify cannot properly be attributed to the timing of the City's memorandum; rather any harm to the Bedkes was the product of their own misunderstanding as to when a challenge to the special master's recommendation should have been filed. We are unable to conclude that the City's premature filing of its memorandum of costs and fees prejudiced the Bedkes.[5]

The Bedkes also argue that the district court erred in awarding the City attorney fees and costs based on its second motion for attorney costs and fees, filed to recover the fees and costs the City incurred after its original motion. The Bedkes point out that the district court issued its order disallowing the Bedkes' claims on March 11, 2008, thus triggering the 14 day deadline under I.R.C.P. 54(d)(5), and that the City's second motion for attorney fees and costs was not properly made until May 2, 2008, well after the 14 day deadline. In its discretion, the district court considered the City's second motion as a supplement to its original memorandum for fees and costs, noting that the Bedkes had a full and fair opportunity to be heard as to the additional costs and fees. We conclude that the district court did not abuse its discretion in so considering the City's second memorandum. *See Ada County Highway Dist. By and Through Fairbanks v.*

---

[5]     The Bedkes raise a concern as to the premature filing of memoranda of costs and fees. They point out that if the final sentence of I.R.C.P. 54(d)(5) is given literal effect and premature requests for attorney fees are always deemed timely, courts could be faced with a situation wherein a defendant has less time to object to a memorandum of costs and fees than to answer the complaint. This situation would arise when the memorandum of costs and fees is filed contemporaneously with, or shortly after the complaint is filed. In the extremely unlikely event that this scenario should ever play out, we are convinced that the trial court would exercise its discretion in such a fashion as to arrive at a just result that avoids rewarding such underhanded behavior. Indeed, such behavior would warrant the trial court's consideration of an award of attorney fees pursuant to I.C. § 12-123.

*Acarrequi*, 105 Idaho 873, 874-75, 673 P.2d 1067, 1068-69 (1983) (holding that trial court did not err in allowing amendment of party's costs bill to include attorney fees after expiration of deadline in I.R.C.P. 54(d)(5) where no harm or prejudice resulted to the other party).

**2. Frivolous, unreasonable, and unfounded nature of the Bedkes' claims.**

After the district court denied the Bedkes' challenge to the special master's recommendation that it award the City attorney fees, the Bedkes filed a motion to reconsider with the district court, alleging, among other things, that their claims were not pursued frivolously, unreasonably, and without foundation. The district court's decision on this issue is worthy of being repeated:

> The water rights claimed by the Bedkes are based on water historically diverted by the City and delivered though its system to customers within its service area, including Bedkes. Although Bedkes, like any other municipal customer, are the "end users" of the water, such a municipal customer does not develop an interest in the right. The purpose of use of a municipal right is to deliver water to customers within the service area. The City was using its rights consistent with that purpose of use. The only factor that changed was that Bedkes eventually stopped paying for the water service and the City did not immediately suspend their service. Nonetheless, Bedkes were always using the City's water pursuant to its water right.
>
> Bedkes presented no facts to establish that they diverted the water or contracted with the City to use its delivery system only. Further, Bedkes cite no legal theory or authority to establish a right by operation of law, such as prescriptive easement. Under Bedkes' argument, every municipal water user who historically used municipal water prior to the mandatory permit requirements could claim a beneficial use claim junior to the municipality delivering the water. This argument ignores the purpose of municipal rights and ultimately puts the City in the position of having to defend against frivolous claims.

The Bedkes have provided no meaningful rebuttal to this analysis apart from the bald assertion that their claims have not been frivolous. Thus, they have failed to demonstrate that the district court abused its discretion by awarding attorney fees pursuant to I.C. § 12-121. We conclude that the district court did not err by considering the City's memoranda for fees and costs as timely and that it did not abuse its discretion in finding the Bedkes' claims to be frivolous in awarding the City attorney fees pursuant to I.C. § 12-121.

**F. We award the City attorney fees and costs on appeal.**

The City has requested an award of attorney fees on appeal pursuant to I.C. § 12-121. Attorney fees can be awarded on appeal under that statute only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves*, 138 Idaho 64,

71, 57 P.3d 775, 782 (2002). This entire case is based upon the Bedkes attempt to create water rights for themselves out of their use of the City's municipal water system, use they had been paying for up until 1991. The Bedkes failed to successfully make their case in the proceedings below and have failed on appeal to show any error in those proceedings. In short, the Bedkes' pursuit of their claims has been frivolous at every stage of these proceedings, and we therefore award the City attorney fees on appeal.

## IV. CONCLUSION

The district court did not err in denying the Bedkes' motion to deem their challenge as timely filed, in adopting the special master's recommendation that their claims be disallowed, or in denying their motion to reconsider. The special master had authority to recommend an award of attorney fees and the district court was correct to consider the City's motions for attorney fees as timely. Finally, the district court did not abuse its discretion in awarding attorney fees to the City, as the Bedkes' claims were frivolous. Attorney fees and costs on appeal are awarded to the City.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.